# IN THE CIRCUIT COURT OF PIKE COUNTY
# STATE OF MISSOURI

FILED FOR RECORD
JUNE 27, 2018
PIKE COUNTY CIRCUIT COURT

MR. EUGENE K. JONES-EL, )
   Plaintiff, )
                       )
VS. ) Case No. 18PI-CC00029
                       )
Chantay Godert; Michelle Thompson; )
William Jones; Leslie Labon; )
Tim Woods; Robert Henderson; )
Pamela M. Shoemyer; Taylor Preston; )
Ashley West; Kristin Cutts; )
Lisa Bledsoe; Cherry Pasley; )
Chris Powell; Cindy Griffith; )
Jane Doe Ms. Maple #130652; and )
Missouri Department of Corrections )

## 1. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 (a)(3), and the holding in _Tyler v._

(1 of 11)

Whitehead, et al., 583 S.W.2d 240 (Mo. App. W.D. 1979)(Citing to Shapiro v. Columbia Union Nat'l Bank and Trust Co., 576 S.W.2d 310, 316 (Mo. banc 1978)). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief is authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Missouri, is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to these claims herein occurred.

## 2. PLAINTIFF

3. Plaintiff, Mr. Eugene Kennth Jones-El, is and was at all times mentioned herein a prisoner of the State of Missouri, in the custody of the Missouri Department of Corrections. He is currently confined in Northeast Correctional Center, 13698 Airport Road, Bowling Green, MO. 63334. It should further be noted that he is poor, and do meet the requirements under Bounds v. Smith, 430 U.S. 817, 821 (1977); Smith v. Erickson, 884 F.2d 1108 (8th Cir. 1989); and Whitington v. Ortiz, 307 Fed Appx. 179 (10th Cir. 2009), especially when it is the prison officials actions that causes Plaintiff's to be indigent.

(2 of 11)

## 3. DEFENDANTS

4. Defendants <u>Chantay Godert</u>; <u>Michelle Thompson</u>; and <u>William Jones</u>, are the Wardens of Northeast Correctional Center, and they all are legally responsible for the operation of Northeast Correctional Center, and for the welfare and care of all the inmates in that prison, including the Plaintiff Mr. Eugene Kenneth Jones-El.

5. Defendant <u>Cindy Griffith</u>, is the Deputy Director of the Missouri Department of Corrections, and is legally responsible for the operations of Northeast Correctional Center, and for the welfare and care of all the inmates in that prison, including the Plaintiff Mr. Eugene Kenneth Jones-El.

6. Defendants <u>Leslie Labon</u>; <u>Tim Woods</u>; <u>Robert Henderson</u>; <u>Pamela M. Shoemyer</u>; <u>Taylor Preston</u>; <u>Ashley West</u>; <u>Kristin Cutts</u>; <u>Lisa Bledsoe</u>; <u>Chris Powell</u>; and <u>Jane Doe Ms. Maple</u>, #130652, are the Classification Staff of Northeast Correctional Center, and was and is assigned as the Plaintiff's caretaker, and is legally responsible for the care and welfare of Plaintiff and all other inmates in that prison.

7. Defendant Cherry Pasley, is the Law Librian at Northeast Correctional Center, and is legally responsible

(3 of 11)

for the operations of the prison's law library, and for the care and welfare of all inmates in that prison, including the Plaintiff Mr. Eugene Kenneth Jones-El.

8. Each of the named defendants is sued individually and in his or her official capacity. At all times mentioned in this complaint each named defendant acted under the color of State law.

## 4. FACTS

9. I offender Mr. Eugene Kenneth Jones-El, states that from November 7, 2017 to this very day of June 11, 2018, I in person, and in writing, constantly informed and showed the prison officials Ms. Chantay Godert; Ms. Michelle Thompson; Mr. William Jones; Ms. Leslie Labon; Mr. Tim Woods; Mr. Robert Henderson; Ms. Pamela M. Shoemyer; Ms. Taylor Preston; Ms. Ashley West; Ms. Kristin Cutts; Ms. Lisa Bledsoe; Mr. Chris Powell; Ms. Cherry Pasley; Ms. Jane Doe Maples #130652; and Ms. Cindy Griffith; that I am indigent and has been for more than three years, and that I needed to be given basic hygiene items, such as Toothpaste and a Toothbrush so that I could brush my teeth. I also told them that I had a pending Civil case under Jones-El

(4 of 11)

v. Stange, et al., No. SD35067, and No. SC97000, and that I needed to be given mailing, writing, and legal materials, such as writing paper, envelopes, stamps, ink pens or pencils, a notorized copy of my inmate account statement, and an example form of an Application For Transfer To The Missouri Supreme Court regarding Civil matters, so that I would be able to prepare and present my required legal documents to the Courts and Legal Aid Agencies, as well as socially communicate with my family, my friends and others, especially since I was also unable to purchase Telephone time, or even obtain a free Telephone call from the prison official defendants.

In fact, I also even asked the named prison official defendants would they themselves prepare and mail my needed legal documents and social communications to the Courts, the legal aid agencies, my family and friends, especially since they were not going to provide me with the things I asked them for, including a free Telephone Call. However, due to to their unconstitutional refusal behavior and their reliance on prison policy IS18-1.1, that is unconstitutional as well, they all deliberately refused to grant any of my requests even though they were and is aware that according to precedent law, I am in fact Indigent and have been for more than Three (3) years due to the fact that they and other Missouri Department of Corrections Staff, automatically and immediately take all of the only

( 5 of 11 )

money I get once a month, which is a Seven Dollars and Fifty Cents ($7.50) State Stipend, and they give it all to the State Courts for owed Court filing fees, which resulted in me sustaining decayed teeth, and painful gums, teeth, tongue, throat and headaches for several months, and it also resulted in my Civil Case under Jones-El v. Stange, et al., No. SD35067 and No. SC97000, being frustrated, impeded, and prevented from being properly prepared and presented to the Missouri Supreme Court, as well as also getting dismissed by the Courts on the grounds that my Application For Transfer was not in compliance with the rules of the Court and was received out of time. (See Exhibits 1 and 2 ). I did not have anything to work with.

10. Therefore, I claim that the manner in which the defendants refused to provide me with the requested things stated herein above, and in Exhibits A and B, has violated my First, Eighth, and Fourteenth Amendment rights

11. I, further claim that the actions of the named defendants that is in violation of my First, Eighth, and Fourteenth Amendment rights was also the product of a policy or custom of the Missouri Department of Corrections. (See Exhibits- A and B, Citing to Policy IS 18-1.1, which is unconstitutional by ommitting "Court Filing Fees" and by not considering "Court Filing Fees" as being non-discretionary

and a non-spendable balance).

## 5. EXHAUSTION OF LEGAL REMEDIES

12. Plaintiff Mr. Eugene Kenneth Jones-El, used the prison grievance procedures available at Northeast Correctional Center, to try and solve the problems. On December 5, 2017 and January 16, 2018, Plaintiff presented the facts relating to this Complaint under both Complaint Numbers NECC-17-1745 and NECC-18-60. (See Exhibits A and B).

On December 14, 2017 and February 6, 2018, the Plaintiff was sent responses saying that his requests has been denied based on the relevant policies IS18-1.1 and IS8-1.4, cited to in the responses. On December 21, 2017 and February 23, 2018, Plaintiff filed the Offender grievances, and on April 2, 2018 and April 12, 2018, Plaintiff was sent responses saying the grievances had been denied. On April 6, 2018 and April 18, 2018, Plaintiff appealed the denial of the Offender grievances, and on April 30, 2018 and May 30, 2018, Plaintiff was sent responses saying that the Informal Resolution Request responses adequately addressed Plaintiff's complaints and therefore the appeals are

denied. (See Exhibits - A and B)

## 6. LEGAL CLAIMS

13. Plaintiff reallege and incorporate by reference paragraphs 1-12.

14. The deliberate indifference to Plaintiff's personal hygienes, and the denial of access to writing materials, mailing materials, legal materials, a notorized copy of plaintiff's inmate account statement, and the denial of a free telephone call violated plaintiff's First, Eighth, and Fourteenth Amendment rights and constituted cruel and unusual punishment and a denial of access to the Courts and the right to maintain family and friends relationship.

15. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Honorable Court grants the declaratory and injunctive relief which plaintiff seeks.

## 7. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter Judgment granting plaintiff:

16. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitutions and laws of the United States.

17. A preliminary and permanent injunction ordering the named defendants, their successors in office or position, their co-workers, agents, employees, and all other persons acting in concert and participation with them, to stop denying Plaintiff and all similarly situated inmates the things that Plaintiff is complaining about in this present complaint and his Exhibits-A and B; and also to stop considering Court filing fees as being discretionary actions and a spendable balance. Order the Defendants to amend their policies to include "Court Filing Fees" as being considered as both "Non-Discretionary" and a "Non-Spendable Balance," that do warrant indigent assistance.

18. Compensatory damages in the amount of Fifty Thousand Dollars $50,000 against each defendant, Jointly and Severally.

19. Punitive damages in the amount of Fifty Thousand Dollars $50,000 against each defendant.

20. A Jury trial on all issues triable by Jury

21. Plaintiff's costs in this suit

22. Any additional relief this Court deems Just, proper, and equitable.

Dated: June 11, 2018

Respectfully Submitted,
M. Eugene Jones-El
Eugene K. Jones-El, #180162
Northeast Correctional Center
13698 Airport Road
Bowling Green, MO. 63334

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters stated therein are true. I certify under penalty of perjury that the foregoing is

(10 of 11)

true and correct.

    Executed at Northeast Correctional Center, 13698 Airport Road, Bowling Green, Missouri 63334, On this 11th day of June, 2018.

<u>Mr. Eugene Jones-El</u>
Plaintiff / Pro Se

(11 OF 11)

MR. EUGENE K. JONES-EL, #1801062
Northeast Correctional Center / H.U.10C-131
13698 Airport Road
Bowling Green, Missouri 63334

LEGAL MAIL:

**FILED**
JUN 18 2018
CIRCUIT COURT
PIKE COUNTY, MO

CLERK OF THE COURT
Pike County Circuit Courths
115 West Main
Bowling Green, MO. 63