UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE K. JONES-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18 CV 65 JMB |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of Plaintiff Eugene K. Jones-El ("Plaintiff") for the appointment of counsel and for leave to proceed *in forma pauperis*. (ECF Nos. 9, 12, and 14). The motions for appointment of counsel will be denied without prejudice.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Ward v. Smith, 732 F.3d 940, 942 (8th Cir. 2013); see 28 U.S.C. ' 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff=s need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the

1

indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips v. Jasper County Jail, 437 F.3d 791, 94 (citing Edgington, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. See Id. For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present his case where he correctly identifies the applicable legal standard governing his claims or, for example, successfully amends his complaint to include essential information. Finally, the Court may consider whether the plaintiff=s claims involve information that is readily available to him. Phillips, 437 F.3d at 794.

In this case, the record is insufficient to determine, one way or the other, whether the appointment of counsel is appropriate at this time. The claims plaintiff has presented are not complex, plaintiff has demonstrated himself to be well able to investigate and present his case, and he has successfully amended his petition to include essential information. However, the Court recognizes that these circumstances may change as discovery takes place. The Court will therefore deny the motions for the appointment of counsel, without prejudice. Plaintiff may re-file such motion if it becomes appropriate to do so at a later time.

Plaintiff also seeks leave to commence this civil action without prepayment of the required filing fee. A review of the Court record shows that Defendants paid the $400 filing fee

when they removed the instant action to this Court (ECF No. 1) so the Court will deny Plaintiff's request as moot. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 9 and 14) are DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 12) is DENIED AS MOOT.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of October, 2018.