UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EUGENE K. JONES-EL, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:18-CV-65-JMB |
| CHANTAY GODERT, et al., | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 17) so that he can name four additional Defendants[1] and sue Defendants in their official capacity. Defendants have not responded to his motion and the time for doing so has passed.

Although it is true that the federal rules are usually liberally construed to permit parties to amend pleadings, add additional parties, and to similarly control the pace of litigation, see, e.g. Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 2000), this is not the case with case management orders as the federal rules set a less forgiving standard. See Bradford v. DANA Corp., 294 F.3d 807, 809 (8th Cir. 2001) (finding that the standard in modifying case management orders is "good cause," which is less forgiving than that required to amend pleadings under Rule 15). When a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, as in this case, "Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." Travelers Indem. Co. of America v. Holtzman Properties, L.C.C., 2009 WL 485056, at *1 (E.D. Mo.

---

[1] Although Plaintiff seeks to add four additional defendants in his motion, Plaintiff identifies five additional defendants, Dave Dormire, Matt Sturm, Steve Long, Mariann Atwell, and George Lombardi.

1

Feb. 26, 2009). While Rule 15(a) liberally permits amended pleadings "when justice so requires," Rule 16(b) specifies that such an order "shall not be modified except upon a showing of good cause" and by leave of the district judge. Schenk v. Chavis, 259 F.App'x 905, 907 (8th Cir. 2008). Thus, the moving party must first make the requisite showing. Even then this Court retains discretion as to whether to grant the motion. Bradford, 294 F.3d at 809. "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." Id.

The Case Management Order established September 6, 2018, as the deadline for joining parties. In order to amend after this deadline, Plaintiff must satisfy the standard for modifying scheduling orders. Under Rule 16, a case management order "may be modified only for good cause." Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks,Inc., 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). Plaintiff has known the identities of the four individuals he now seeks to join since September 6, 2018, when Defendants provided their initial disclosures. Although the two-month delay in seeking to name the additional defendants is not consistent with the exercise of diligence, the Court will deny without prejudice Plaintiff's motion for leave to amend his complaint and direct Plaintiff to show cause why he should be granted leave to amend his complaint.[2] See Sherman v. Wince Fireworks, Inc., 532 F.3d 709, 716-18 (8th Cir. 2008) (Good cause for a belated amendment requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered

---

[2] Ordinarily the undersigned would deny a motion for leave to file an amended complaint for failure to show good cause as required by Rule 16(4)(b) but due to the State's failure to respond to the motion, the undersigned will give Plaintiff the opportunity to show good cause why he should be permitted to file an amended complaint.

2

sooner).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 17) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall show good cause, in writing and no later than December 17, 2018, why he should be granted leave to file a second amended complaint.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this day 29th of November, 2018.