UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE K. JONES-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-65-JMB |
| | ) | |
| CHANTAY GODERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Currently before the Court are three motions filed by Plaintiff Eugene Jones-El ("Plaintiff"). Plaintiff has filed a Motion for Judgment on the Pleadings (ECF No. 27), which includes a request that the Court confirm that Defendants are not shielded by immunity and are precluded from moving for summary judgment. He has also filed a Motion for Summary Judgment (ECF No. 29) which is accompanied by a Motion for Leave to file an over-length memorandum of law in support thereof (ECF Nos. 28-29). In Response to Plaintiff's Motion for Summary Judgment, Defendants have asked the Court to deny Plaintiff's summary judgment motion, and asks the Court to modify the Case Management Order and extend the deadlines for completing discovery and filing summary judgment motions. (ECF No. 33)

On December 19, 2018, Plaintiff filed a pleading entitled "Plaintiff's Supplemental, or in the Alternative Second Amended 1983 Civil Complaint" (ECF No. 23), and Defendants filed an Answer thereto on January 10, 2019 (ECF No. 26). Broadly speaking, Plaintiff contends that Defendants failed to provide him with basic hygiene items, as well as mailing and legal supplies, all in violation of his constitutional rights. On January 22, 2019, Plaintiff filed the instant motions under consideration.

Plaintiff's Motion for Summary Judgment is clearly premature at this time. Accordingly, the Court will deny that motion without prejudice.

Regarding his Motion for Judgment on the Pleadings, Plaintiff alleges that Defendants are not entitled to qualified immunity and should not be allowed to file a motion for summary

1

judgment. This type of relief is not the type of relief contemplated by a motion pursuant to Fed. R. Civ. P. 12(c). "[A] rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties…." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1367. Rule 12(c) provides a means for challenging the sufficiency of an opponent's pleading and the viability of the underlying claim or defense. Lasser v. Amer. Gen. Life Ins. Co., 2015 WL 12778004, at 4 (D. Minn. April 3, 2015). The present record and posture of this matter does not permit the Court to fully consider the issues raised in Plaintiff's Motion for Judgment on the Pleadings. Accordingly, that motion will be denied.

Finally, the Court finds that extending the discovery and dispositive motion deadlines to be appropriate and in the interest of justice. The Case Management Order established, February 6, 2019, as the deadline for completion of discovery and March 15, 2019, as the deadline for filing dispositive motions. In light of Plaintiff's amended complaint, filed on December 19, 2018, and Defendants' Answer, filed on on January 10, 2019, the Court will extend the deadlines for completion of discovery to August 5, 2019, and the filing of dispositive motions to September 27, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 29) is Denied without Prejudice. The exhibits filed by Plaintiff in support of his Motion for Summary Judgment will be maintained in the Clerk's Office file room.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings to Confirm that Defendants are not Shielded by any Immunity Protections, and nor can They move for Summary Judgment in this Action (ECF No. 27) is Denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Exceed the Fifteen Page Limitation (ECF No. 28) is Denied as Moot.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this day 13th of February, 2019.