UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| EUGENE K. JONES-EL, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:18-CV-65-JMB |
| CHANTAY GODERT, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 48) so that he can name seven additional Defendants. Defendants have filed opposition thereto (ECF No. 49).

Although the federal rules are usually liberally construed to permit parties to amend pleadings, add parties, and to similarly control the pace of litigation, see, e.g. Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 2000), that is not the case with case management orders as the federal rules set a less forgiving standard. See Bradford v. DANA Corp., 294 F.3d 807, 809 (8th Cir. 2001) (finding that the standard in modifying case management orders is "good cause," which is less forgiving than that required to amend pleadings under Rule 15). When a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, as in this case, "Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." Travelers Indem. Co. of America v. Holtzman Properties, L.C.C., 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Rule 15(a) liberally permits amended pleadings "when justice so requires," Rule 16(b) specifies that such an order "shall not be modified except upon a showing of good cause" and by leave of the district judge. Schenk v. Chavis, 259 F.App'x 905, 907 (8th Cir. 2008). Thus, the

1

moving party must first make the requisite showing and the Court retains discretion as to whether to grant the motion.  Bradford, 294 F.3d at 809.  "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision."  Id.

The Case Management Order ("CMO") in this case set September 6, 2018, as the deadline for joining parties.  In order to amend after this deadline, Plaintiff must satisfy the standard for modifying scheduling orders. Under Rule 16, a case management order "may be modified only for good cause."  Fed.R.Civ.P. 16(b)(4).  Because the deadline for amending pleadings elapsed on September 6, 2018, Plaintiff is required to satisfy the good cause standard of Rule 16(b)(4) by showing that he has been diligent in attempting to meet the scheduling orders requirements.  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008).

Defendants oppose the motion for leave to file a third amended complaint, arguing that the CMO's deadline to amend pleadings has passed.  Defendants additionally argue that permitting Plaintiff to amend the complaint at this time would cause undue prejudice to Defendants because they have filed a motion for summary judgment based on the legal theories set forth in Plaintiff's complaint prior to receiving Plaintiff's motion to amend.

Plaintiff concedes that he has known the identities of the seven individuals he now seeks to join since September 5, 2018, when Defendants provided their initial disclosures.  The seven-month delay in seeking to name the additional defendants is not consistent with the exercise of diligence, so the Court will deny Plaintiff's motion for leave to amend his complaint**.**  See Sherman, 532 F.3d at 716-18 (Good cause for a belated amendment requires a showing that, despite the diligence of the movant, the belated amendment could not

reasonably have been offered sooner).  The Court notes that Plaintiff could have added these seven individuals as defendants when he sought leave to file his second amended complaint on November 13, 2018.  (ECF No. 17)

In the present posture of the case, the Court finds that granting Plaintiff leave to file a third amended complaint would cause undue prejudice to Defendants.  It has been ten months since Plaintiff first filed his complaint.  (ECF No. 1)  Plaintiff has already been granted leave to file amended complaints on two other occasions.  See Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844-45 (8th Cir. 2003) (finding "that the district court did not abuse its discretion in denying [the Plaintiff's] second motion for leave to amend his complaint … [where the Plaintiff] filed his second motion to amend nearly fifteen months after the filing of his original complaint … and the [Defendant] had moved for summary judgment on the pleaded theories.")).[1]  Cf. Bediako v. Stein Mart, Inc., 354 F.3d 835 (8th Cir. 2004) (given the stage of the litigation process, court did not abuse its discretion in denying plaintiff leave to file amended complaint one year after initial complaint was filed and after defendant had moved for summary judgment).  The Court finds that Plaintiff cannot show diligence because the defendants he seeks to add in his proposed third amended complaint were available to him as of September 5, 2018, and when he filed his second amended complaint, and he has not shown good cause for his untimely amendment, proffered almost seven months past the deadline.

---

[1] Although Plaintiff requested the Court to "take notice that the Defendants has[*sic*] not filed any dispositive motions in this action," the Court record shows that Defendants had already filed their summary judgment motion but Plaintiff had not received the mailed copy before he filed the instant motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 48) is **DENIED**.

/s/ **_John M. Bodenhausen_**
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this day 1st of May, 2019.