UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EUGENE K. JONES-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:18 CV 65 JMB |
| ) | |
| CHANTAY GODERT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Eugene Jones-El's ("Plaintiff") Motion for Reconsideration (ECF No. 81). Defendants did not respond to the motion for reconsideration, and the time for filing opposition to the motion has now passed. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion will be denied.

Plaintiff asks the Court to reconsider its Memorandum and Order ruling on the cross-motions for summary judgment ("Memorandum and Order") (ECF No. 77). Plaintiff challenges the Court's finding that he "failed to establish that a claim of denial of access to courts in violation of the First Amendment in the absence of proof that he has suffered any actual prejudice to a nonfrivolous claim." Id. at 23.

The Court has the authority to reconsider its own interlocutory decisions, and the inherent authority to revise any order before entry of judgment. Fed.R.Civ.P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment."). "[A] motion for reconsideration serves the limited function of correcting manifest

1

errors of law or fact or presenting newly discovered evidence." United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016) (internal quotations omitted).  Such a motion "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  Julianello v. K-V Pharmaceutical Co., 791 F.3d 915, 923 (8th Cir. 2015).  Although the Court has the power under Rule 54(b) to revisit its prior decisions, the Court "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  Evans v. Contract Callers, Inc., 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)).

The present motion for reconsideration is an attempt to relitigate the issues which the Court thoroughly addressed in the Memorandum and Order.  Plaintiff's present arguments, albeit reframed, were raised and addressed in the Memorandum and Order.  Plaintiff has not identified any manifest errors of law or fact nor has he presented any newly discovered evidence warranting reconsideration.  Plaintiff has also failed to establish any exceptional circumstances warranting extraordinary relief.  Plaintiff has had a fair opportunity to argue this matter in his numerous pleadings.  The Court allowed for extensive briefing on the motions for summary judgment.  Plaintiff has not shown any significant error in the Court's Memorandum and Order that must be corrected.  Accordingly, the motion for reconsideration will be denied.

**IT IS HEREBY ORDERED** that Plaintiff Eugene Jones-El's Motion for Reconsideration (ECF No. 81) is DENIED.

Dated this 4th day of February, 2020

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE