UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE K. JONES-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18 CV 65 JMB |
| | ) | |
| CHANTAY GODERT, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File First Amended Answer to Plaintiff's Second Amended Complaint.  (ECF No. 119)  Plaintiff Eugene Jones-El ("Plaintiff") filed a response in Opposition, and Defendants filed a Reply thereto.  (ECF Nos. 122 and 124)  All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, Defendants' motion will be denied.

## I.     Background

On December 19, 2018, Plaintiff filed a "Supplemental, or in the Alternative, Second Amended 1983 Civil Complaint" ("Second Amended Complaint") after receiving leave to file by the Court.  (ECF Nos. 21-23)  Plaintiff filed this action under 42 U.S.C. § 1983 against officials and staff members at Northeast Correctional Center ("NCC"), alleging that his constitutional rights were violated from November 7, 2017, to June 30, 2018, by Defendants denying him basic hygiene

---

[1] Plaintiff names as defendants Wardens Chantay Godert, Michelle Thompson, and William Jones ("Warden Defendants"), Deputy Director of Missouri Department of Corrections Cindy Griffith, classification staff members Leslie Labon, Tim Woods, Robert Henderson, Patricia Shoemyer, Taylor Preston, Ashley West, Kristin Cutts, Lisa Bledsoe, Chris Powell, and Cheryl Maple ("Classification Defendants"), and librarian Cherry Pasley (collectively "Defendants").

items, such as a toothbrush and toothpaste, and denying legal and mailing supplies because his $7.50 per monthly stipend was removed from his inmate account as soon as it was deposited to pay his state court filing fees.  On January 10, 2019, Defendants filed their Answer, asserting eleven affirmative defenses but not failure to mitigate damages.[2]  (ECF No. 26)

On December 11, 2019, the Court granted in part and denied in part Plaintiff's motion for summary judgment and opined that "[a]lthough the Court will grant summary judgment in part in favor of Plaintiff on the basis of liability, it cannot grant summary judgment for damages because the factual predicate for any amount of damages is lacking.  Thus, remaining for trial are Plaintiff's claims for money damages against Defendants in their individual capacities…."  (ECF No. 77 at 28)

On January 14, 2021, Defendants filed the instant motion for leave to amend their answer, seeking to add the affirmative defense of failure to mitigate damages.  The Second Amended Case Management Order established a September 6, 2018, deadline for amending pleadings.  (ECF No. 11)[3]  Plaintiff opposed the motion on the grounds that it is brought after undue delay, that granting it would prejudice him, and that Defendants' newly-proposed affirmative defense would be futile. In their reply, Defendants argue there is good cause to allow the amendment because they did not

---

[2] In the eleventh affirmative defense, Defendants assert that "Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery phase of this litigation, and Defendants reserve the right to amend their Answer to add and include such additional affirmative defenses after such defenses are discovered."  (ECF No. 26 at 7)  Affirmative defenses not pled but that come to light during discovery "are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered."  Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016).

[3] Although the parties have filed five motions to amend the case management order, those motions requested amendments setting new deadlines to complete discovery and to file dispositive motions, not to amend any of the pleadings.

become aware of the affirmative defense of failure to mitigate damages until they were able to do a complete review of Plaintiff's dental records.

## II.    Legal Standards

Although failure to mitigate damages is not among the nineteen affirmative defenses enumerated in the list in Rule 8(c), mitigation issues are usually regarded as affirmative defenses under the catchall clause "and any other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c); Sayre v. Musicland Group, Inc., 850 F.2d 350, 354 (8th Cir. 1988) ("Since the overwhelming majority of federal courts have decided, for whatever reasons, that failure to mitigate damages is an affirmative defense under the catchall clause of Rule 8(c), we would thwart the purpose of the federal rules if we were to hold otherwise.").  Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense…." Fed.R.Civ.P. 8(c).  "Generally, failure to plead an affirmative defense results in a waiver of the defense." First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007); Sayre, 850 F.2d at 354 (explaining that, as with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case.). [4]

Rule 15(a) governs the pretrial amendment of pleadings and states that, where an amendment is not sought as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).  Rule 15(a) provides that "[t]he court should freely give leave when justice so requires."  Id.  Nonetheless, the parties do not have an absolute right to amend their pleadings, even under this liberal standard.  United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) (futility is a valid

---

[4] The Court recognizes that Rule 8(c) is not an absolute bar to a party's belated attempt to plead an affirmative defense, and for the sake of this motion, will conclude that Defendants have not waived this affirmative defense.

basis for a court to deny leave to amend).  The Court may deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1053, 1065  (8th Cir. 2005) (internal marks omitted).

To establish the affirmative defense of failure to mitigate damages, Defendants must show Plaintiff failed to exercise reasonable diligence to mitigate damages and showing the portion of the loss caused by plaintiff's failure to take additional steps.  See, e.g., Lister v. Hyatt Corp., 2019 WL 6701407 (W.D. Wash. Dec. 9, 2019) ("The doctrine of mitigation  of damages prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed.") (internal quotation omitted); Eskenazi v. Mackoul, 905 N.Y.S.2d 169, 171 (N.Y. App. Div. 2010) ("A party seeking to avail itself of the affirmative defense of failure to mitigate damages must establish that the injured party failed to make diligent efforts to mitigate its damages, and the extent to which such efforts would have diminished those damages.").  In their proposed amended answer, Defendants have not asserted any facts of how Plaintiff could have mitigated his damages.

Amending the answer after the deadline for the pretrial scheduling order has passed requires a showing of good cause by the moving party.  Fed.R.Civ.P. 16(b); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (where a party seeks leave to amend his answer after the deadline in the applicable case management order has passed, Rule 16(b)'s good-cause standard applies); Hogan Logistics, Inc. v. Davis Transfer Co., Inc., 2018 WL 341733, at * 6 (E.D. Mo. Jan. 9, 2018) ; Luigino's Inc. v. Pezrow Companies, 178 F.R.D. 523, 525 (D. Minn. 1989) (denying leave to amend to add a punitive damage claim a year after the deadline).  Good

4

cause requires the party seeking the extension to show diligence in attempting to comply with the schedule.  Id.  Moreover, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 582 (D. Minn. 1999) (denying defendant's motion to add ten affirmative defenses ten months after the deadline).  Ultimately, in deciding whether to permit a new affirmative defense at a later stage in the litigation, as here, the Court examines whether allowance of the defense would unfairly surprise or prejudice the opposing party.  Pictet, 477 F.3d at 623.

## III.    Discussion

Defendants' motion to amend their answer comes well after the scheduling deadline for amending pleadings, one year after Defendants filed their Answer, six weeks prior to the discovery deadline, and nine months prior to the trial date.[5]  Because Defendants' motion to amend was filed after the established deadline for amending pleadings and the time for filing an answer, the Court must apply the good-cause standard in ruling on the motion.  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  Based on the record, the Court finds that Defendants were aware of the need to include a failure to mitigate damages as an affirmative defense when they filed their answer on January 10, 2019, and Plaintiff would suffer undue prejudice by virtue of allowance of the amendment at this juncture because this would require additional discovery, including written discovery and taking depositions.

The Court finds that good cause does not exist to allow Defendants to amend their answer because Defendants did not act diligently in filing their motion to amend.  When the Court entered its summary judgment ruling on December 11, 2019, Defendants gained the context necessary to

---

[5] At the time Defendants filed their motion, the discovery deadline was February 1, 2021, and the trial date was April 26, 2021 (ECF No. 118), but the Court extended the discovery deadline and reset the trial date at the parties request on January 27, 2021.  (ECF No. 120)

submit an affirmative defense of failure to mitigate damages in their answer. After learning of the Court's ruling, Defendants filed their answer without this affirmative defense and then waited until over one year to file the instant motion. Indeed, Defendants admit that "[t]he issue of damages has been the primary issue left for trial since the Court decided liability in its Order on summary judgment." (ECF No. 119 at 3) Likewise, Defendants assert that "Plaintiff has been on notice that damages has been the primary issue left for trial since the Court decided liability in its Order on summary judgment." (ECF No. 124 at 2-3) Moreover, the defense of failure to mitigate damages is an affirmative defense, and Plaintiff would not been given an opportunity to conduct discovery on this issue because Defendants failed to plead this defense in their answer, and the discovery deadline is March 15, 2021. (ECF No. 118)

Although the parties presently remain engaged in discovery, Defendants should have been aware of the defense at issue after they received the Court's ruling on the summary judgment motions on December 11, 2019, not upon receipt of certain discovery documents as Defendants contend. As already noted, Defendants admitted that the Court decided liability at the time it entered its summary judgment rulings, leaving only the issue of damages for trial.[6] Indeed in their reply, Defendants assert that "Plaintiff's medical records indicate that there is documented

---

[6] In the alternative, the Court finds that Defendants provided insufficient notice of how Plaintiff failed to mitigate his damages. The Court also rejects Defendants' argument that Plaintiff had notice of failure to mitigate defense by their assertion in their Answer that "[a]ny injury or damage sustained by Plaintiff was due to Plaintiff's own acts or negligence…." (ECF No. 26) Defendants proposed affirmative defense for failure to mitigate asserts that "Plaintiff failed to act in a reasonable manner to lessen or reduce the injuries and damages he alleges, and thus, Defendants are entitled to the affirmative defense that Plaintiff failed to mitigate his damages." (ECF No. 119-1 at 7) This affirmative defense is insufficient because Defendants fail to identify how or when Plaintiff failed to mitigate his damages, nor any other facts about Plaintiff's failure to mitigate his damages. See Jennings v. Nash, 2019 WL 286750, at *6, 7 (W.D. Mo. Jan. 22, 2019) (the affirmative defense of failure to mitigate should be stricken where the defense gives "no notice of what [Plaintiff] could or should have done to limit his damages").

6

evidence of his consistent poor hygiene since at least 2013; that he knew he had pre-existing periodontal disease and non-restorable tooth decay since at least 2013; that against the advice of medical professionals, he refused treatment since at least 2014 of the same injuries he now alleges; that he stopped seeing a dentist for long periods of time since 2014; … that he refused to see a dentist at [Northeast Correctional Center ("NECC")], despite seeing doctors and nurses at least 13 time for other reasons at NECC until the time that he resumed seeing a dentist the same day he filed this lawsuit on June 27, 2018; that he went to the dentist at least 12 times over the remainder of 2018 while at NECC; and that he has a history of asking for dental supplies from doctors and nurses at institutions where he resided prior to NECC since at least 2012."  (ECF No. 124 at 5) Given the period of time between the Court issuing its ruling on the summary judgment motions and the filing of the instant motion and Defendants' assertions acknowledging Plaintiff's alleged consistent poor hygiene and refusal to seek dental treatment, Defendants have not shown they exercised due diligence and without undue delay in attempting to amend their answer.  See Rahn, 464 F.3d at 822; Bastard v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming district court's denial of leave to amend because plaintiffs had eight months to request amendment and "knew of the claims they sought to add when they filed the original complaint"); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

Defendants have failed to make a showing of good cause due to their lack of diligence in seeking to amend their answer to plead the affirmative defense of failure to mitigate damages. Although in their motion to amend answer Defendants addressed the issue of good cause, Defendants were aware of the availability of the proposed defense well before this time especially

in light of the Court granting in part Plaintiff's motion for summary judgment and the medical and institutional records available to Defendants.  Because Defendants failed to show the issue of good cause, they may not add the defenses of failure to mitigate damages.  See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 360 (8th Cir. 1997) (the Eighth Circuit Court of Appeals has explained that the district court has the discretion to grant leave to amend a party's answer to assert an omitted Rule 8(c) defense).   Likewise, allowing Defendants to amend their answer by adding the affirmative defense of failure to mitigate damages at this stage of the case would cause undue prejudice to Plaintiff by requiring additional discovery, including written discovery and taking depositions, with the looming discovery deadline.  Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (holding risk of prejudice resulting from late pleading amendments which imposed additional discovery requirements justified denial of motion to amend); Thompson-El v. Jones, 876 F.2d 66, 67-69 (8th Cir. 1989) (no abuse of discretion in denying motion to amend where grant most likely would have necessitated additional discovery and further delay).  In light of these findings, the Court need not analyze the futility of the amendment.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File First Amended Answer to Plaintiff's Second Amended Complaint (ECF No. 119) is DENIED.

Dated this 18th day of February, 2021.

/s/ **_John M. Bodenhausen_**
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE